BACCUS *et al. v.* CROW *et al.*

FISH, C. J.   1. A contract may be rescinded at the instance of the party defrauded; but in order to entitle him to the rescission, he must promptly, upon the discovery of the fraud, restore or offer to restore to the other whatever the party seeking a rescission has received by virtue of the contract, if it be of any value. Civil Code (1910), § 4305.

(a) Applying the principles above stated, the petition in this case as amended sets forth a cause of action, and it was not error to overrule a general demurrer thereto.

(b) The amendment was germane, and did not set forth a new cause of action.

2. In so far as any of the grounds of the motion for new trial, complaining of rulings on the admissibility of evidence, are sufficient in form to present a question for decision, they are without merit.

3. Grounds of the motion for new trial, complaining of error in certain excerpts from the charge of the court, and other grounds complaining of error in omitting to charge without request, when considered in the light of the pleadings and evidence and of the charge as given in its entirety, show no cause for reversal.

4. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All Justices concur.*

No. 1547. MAY 11, 1920.

Equitable petition. Before Judge Jones. Hall superior court. June 14, 1919.

Crow and Jones bought of Baccus et al. a bottling-works business on January 12, 1916, at an agreed price of $1735, consisting of an automobile taken at $435 and five notes for various amounts making up the remainder of the price. After operating the business about sixteen weeks, Crow and Jones brought their petition alleging that they were induced to make the pur-

chase by stated representations of the defendants, on which the plaintiffs relied, but which they afterward ascertained were false and fraudulent; that about two weeks after the trade they tendered the business and property back to the defendants, and made the tender continuous; etc. They prayed, that the contract be rescinded and the notes be canceled; for judgment against the defendants for damages; for injunction against negotiation or transfer of the notes; and for general relief and process. By amendment they alleged, among other things, that in 1917 they were compelled to pay and did pay to a designated bank $301 on notes that were part of the transaction to which this suit relates, the bank being an innocent holder without notice of any defect; and judgment was prayed for the amount so paid. Exception was taken to the allowance of this amendment over the objection that it set up a new and distinct cause of action, that it dealt with facts arising after the suit was brought, and that it was not germane to the petition and was immaterial and irrelevant. The allegations of fraud and false representations were denied by the defendants; and the evidence at the trial was in large degree conflicting. On the first trial the jury were unable to agree, and a mistrial was declared. At the trial under review the verdict was in favor of the plaintiffs; and exception was taken to the refusal of a new trial.

*R. L. & H. C. Cox* and *Hammond Johnson,* for plaintiffs in error. *Sloan & Sloan* and *W. N. Oliver,* contra.